## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 10 2015, 8:40 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Brian J. Johnson
Danville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Paris V. Collins,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | August 10, 2015<br><br>Court of Appeals Case No.<br>32A01-1504-CR-152<br><br>Appeal from the Hendricks<br>Superior Court<br><br>The Honorable Stephenie LeMay-Luken, Judge<br><br>Trial Court Cause No.<br>32D05-1405-FD-424 |

**Bradford, Judge.**

## Case Summary

[1] On August 14, 2014, Appellant-Defendant Paris V. Collins pled guilty to Class D felony theft. Pursuant to the terms of his guilty plea, Collins was sentenced to 455 days to be served on work release through the Indiana Department of Correction ("DOC"). On February 10, 2015, Appellee-Plaintiff the State of Indiana (the "State") filed a petition alleging that Collins had committed numerous violations of the terms and conditions of his work release placement. The trial court conducted an evidentiary hearing on the State's petition on March 26, 2015, during which Collins admitted that he had violated the terms and conditions of his work release placement by committing the four violations alleged by the State. At the conclusion of the evidentiary hearing, the trial court found that Collins had violated the terms and conditions of his work release placement and ordered Collins to serve the remainder of his 455-day sentence in the DOC.

[2] On appeal, Collins contends that the trial court abused its discretion in ordering him to serve the remainder of his 455-day suspended sentence in the DOC. Finding no abuse of discretion by the trial court, we affirm.

## Facts and Procedural History

[3] On May 23, 2014, the State charged Collins with Class D felony theft. In charging Collins, the State alleged that on or about May 21, 2014, Collins "did knowingly exert unauthorized control over the property of [another], to wit: One Ivy Tech Master Card Credit Card and iPod, with intent to deprive the owner of any part of its value or use." Appellant's App. p. 11.

[4] On August 14, 2014, Collins pled guilty to Class D felony theft. Pursuant to the terms of his guilty plea, the parties stipulated that Collins would be sentenced to 455 days to be served on work release through the DOC. Collins's plea agreement was "offered conditionally upon [Collins's] admittance of the probation violation under cause number 32D05-1311-FD-1157[1] and agreed sentence of 275 days on said violation, to be served consecutive to the sentence in the current case for a total combined sentence of 730 days Work Release." Appellant's App. p. 16. The trial court accepted Collins's plea agreement and sentenced Collins pursuant to its terms.

[5] On February 10, 2015, the State filed a petition alleging that Collins had violated the terms and conditions of his work release placement. Specifically, the State alleged that Collins had violated the terms and conditions of his work release placement in the following ways:

> 1.      Since his arrival to the [work release] facility on 8/19/14, [Collins] has had a plethora of informal violations. He has had formal violations for disorderly conduct, threatening another with bodily harm and refusing to obey an order. He had 30 good time credit/15 actual days revoked as a sanction for one of the violations.
> 2.      On 2/7/15, [Collins] was terminated from employment at McDonald's due to them being tired of his erratic behavior and smart mouth.
> 3.      [Collins] currently has a balance [of] $297.53 [ ] because he hasn't been paying his fees or turning in his time-sheets as he is

---

[1] Cause Number 32D05-1311-FD-1157 relates to Collins's prior conviction for auto theft, for which he was on probation at the time he committed the underlying offense.

supposed to.

4.    Daily [Collins] is involved in disagreements with various residents because of his lack of self control.  He is an antagonist and it is becoming too much for staff to maintain the safety and security of the facility and the residents within.  He has failed to adjust despite all the modifications that have been put in place to try and allow him to remain within the facility.

Appellant's App. p. 22.  In light of Collins's alleged violations, the State requested that Collins be removed from the work release facility.

[6]    The trial court conducted an evidentiary hearing on the State's petition on March 26, 2015.  During the evidentiary hearing, Collins admitted that he had violated the terms and conditions of his work release placement by committing the violations alleged by the State.  In admitting that he had committed the violations, Collins claimed that he believed a factor in his behavior was that he was allegedly not receiving certain prescribed medication while in the work release facility.  Collins however, stated that he was "not blaming [his actions] on his medication" and acknowledged that he was "fully responsible for every action that went forth there."  Tr. p. 7.  Collins further acknowledged that the court had "granted [him] a second chance and [he] failed."  Tr. p. 8.  Collins apologized for his failure but claimed that he believed the result could be different if he were given another chance and, while in the program, given his medications and access to counseling.

[7]    At the conclusion of the evidentiary hearing, the trial court found that Collins had violated the terms and conditions of his work release placement and

ordered Collins to serve the remainder of his 455-day sentence in the DOC. The trial court awarded Collins credit for 169 days served and 139 days of good time credit. This appeal follows.

# Discussion and Decision

[8] Collins contends that the trial court abused its discretion in ordering him to serve the remainder of his 455-day sentence in the DOC. Specifically, Collins argues that the trial court should have ordered him to serve something "less than the entire suspended sentence." Appellant's Br. p. 4. For its part, the State contends that the trial court acted within its discretion in sentencing Collins.

# I. Standard of Review

[9] "For purposes of appellate review, we treat a hearing on a petition to revoke placement in a community corrections program[2] the same as we do a petition to revoke probation." *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999). Accordingly,

> [t]he standard of review of an appeal from the revocation of a community corrections placement mirrors that for revocation of probation. That is, a revocation of community corrections placement hearing is civil in nature, and the State need only

---

2 The term "community corrections program" means a program consisting of residential and work release, electronic monitoring, day treatment, or day reporting. *See* Ind. Code § 35-38-2.6-2.

prove the alleged violations by a preponderance of the evidence. We will consider all the evidence most favorable to the judgment of the trial court without reweighing that evidence or judging the credibility of witnesses. If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of community corrections, we will affirm its decision to revoke placement.

*McQueen v. State*, 862 N.E.2d 1237, 1242 (Ind. Ct. App. 2007) (internal citations omitted).

[10] The Indiana Supreme Court has held that the similarities between the community corrections programs and probation dictate this approach as both serve as alternatives to commitment to the DOC and both are made at the sole discretion of the trial court. *Cox*, 706 N.E.2d at 549. "A defendant is not entitled to serve a sentence in either probation or a community corrections program." *Id*. "Rather, placement in either is a matter of grace and a conditional liberty that is a favor, not a right." *Id*. (internal citations and quotations omitted).

[11] With respect to the potential penalties that a trial court may impose following a violation of the terms and conditions of an individual's placement on work release, Indiana Code section 35-38-2.6-5 provides that

If a person who is placed under this chapter violates the terms of the placement, the community corrections director may do any of the following:

> (1) Change the terms of the placement.
> (2) Continue the placement.
> (3) Reassign a person assigned to a specific
> community corrections program to a different
> community corrections program.
> (4) Request that the court revoke the placement and
> commit the person to the county jail or [DOC] for the
> remainder of the person's sentence.

> The community corrections director shall notify the court if the
> director changes the terms of the placement, continues the
> placement, or reassigns the person to a different program.

Further, Indiana Code section 35-38-2-3(h), which relates to the penalties available following a determination that one has violated the terms of his probation, provides that

> If the court finds that the person has violated a condition at any
> time before termination of the period, and the petition to revoke
> is filed within the probationary period, the court may impose one
> (1) or more of the following sanctions:

>> (1) Continue the person on probation, with or
>> without modifying or enlarging the conditions.
>> (2) Extend the person's probationary period for not
>> more than one (1) year beyond the original
>> probationary period.
>> (3) Order execution of all or part of the sentence that
>> was suspended at the time of initial sentencing.

Finally, we have noted that a trial court is not required to balance aggravating or mitigating circumstances when imposing a sentence in a probation

revocation proceeding. *Treece v. State*, 10 N.E.3d 52, 59 (Ind. Ct. App. 2014), *trans. denied*.

## II. Analysis

[12] In arguing that the court should have ordered him to serve something less than the remainder of his entire 455-day sentence, Collins asserts that he had (1) a limited criminal history and (2) behavioral problems which he was unable to address while in work release due to transportation issues.

[13] With respect to his criminal history, the record reflects that Collins, who was approximately eighteen or nineteen years old at the time he committed the underlying offense, had both prior juvenile adjudications for theft and a prior adult conviction for auto theft. The record also reflects that a prior attempt at non-DOC placement had been unsuccessful as Collins was on probation for his auto theft conviction at the time he committed the underlying offense. In addition, the record is silent as to the nature of Collins's claimed behavioral issues and it contained only Collins's self-serving claim that he has previously met with, and feels it is necessary to continue to meet with, a counselor. Furthermore, in ordering that Collins serve the remainder of his 455-day sentence in the DOC, the trial court noted that Collins had not committed a non-personal theft such as shoplifting, but rather that Collins had committed what the trial court considered to be "very personal thefts." Tr. p. 11.

[14] As we noted in *Treece*, the trial court was not required to balance the allegedly mitigating factors claimed by Collins when sentencing him following his

admission that he had violated the terms and conditions of his placement on work release. Accordingly, in light of the fact that, upon review, we treat violations of the terms of one's placement in a community corrections program the same as violations of the terms of one's probation, coupled with the plain language of Indiana Code section 35-38-2.6-5 and Indiana Code section 35-38-2-3(h), we conclude that the trial court acted within its discretion in ordering Collins to serve the remainder of his 455-day sentence in DOC. Collins's claim to the contrary effectively amounts to a request for this court to reweigh the decision of the trial court, which we will not do. *See McQueen*, 862 N.E.2d at 1242.

[15] The judgment of the trial court is affirmed.

May, J., and Crone, J., concur.